UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WATKINS,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>W.L. MUNIZ,<br><br>　　　　　　　Respondent. | CASE NO. 1:16-cv-00749-AWI-SKO  HC<br><br>ORDER APPOINTING FEDERAL DEFENDER AS COUNSEL FOR PETITIONER<br><br>(Doc. 12) |

　　　Petitioner, proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel.  In habeas proceedings, no absolute right to appointment of counsel currently exists.  *See, e.g.*, *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984).  Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

　　　Petitioner provides documentation of a developmental disability that limits his ability to read, write, and understand legal materials.  The Court also takes judicial notice of Petitioner's repeated unsuccessful attempts to prosecute a petition for writ of habeas corpus.  *See Watkins v. Lamarque* (E.D.Cal. No 1:02-cv-05835-REC-SMS); *Watkins v. Lamarque* (E.D.Cal. No 1:02-cv-06360-AWI-HGB); *Watkins v. Knowles* (E.D.Cal. No. 1:06-cv-01619-AWI-DLB); *Watkins v. Hedgpeth* (E.D.Cal. No. 1:07-cv-00767-AWI-DLB); *Watkins v. Harrington* (E.D.Cal. No. 1:10-cv-01834-SMS).

1

Accordingly, the Court finds that the interests of justice require the appointment of counsel at this time. Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, it is hereby ORDERED that the Federal Defender is APPOINTED to represent Petitioner.

IT IS SO ORDERED.

Dated:   **October 6, 2016**                                   /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE