# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MARK WATKINS,<br><br>            Petitioner,<br><br>   v.<br><br>W.L. MUNIZ, Warden, and XAVIER BECERRA, Attorney General of California,<br><br>            Respondents. | Case No. 1:16-cv-00749-AWI-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS PETITION FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 11) |

## **Introduction and Background**

On May 31, 2016, Petitioner Erick Mark Watkins, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 20 U.S.C. § 2254.  The petition was not clearly written but appeared to allege that Petitioner had completed his sentence but had not been released from prison.  On July 18, 2016, Respondent moved to dismiss the petition or, in the alternative, for a more definite statement.  On October 3, 2016, Petitioner moved for appointment of counsel, providing documentation of a developmental disability that limits his ability to read, write, and understand legal materials.[1]  On October 7, 2016, the Court appointed the Federal Defender as counsel for Petitioner.

---

[1] The Court also took judicial notice of Petitioner's repeated unsuccessful attempts to prosecute a petition for writ of habeas corpus. *See Watkins v. Lamarque* (E.D.Cal. No 1:02-cv-05835-REC-SMS); *Watkins v. Lamarque* (E.D.Cal. No 1:02-cv-06360-AWI-HGB); *Watkins v. Knowles* (E.D.Cal. No. 1:06-cv-01619-AWI-DLB); *Watkins v. Hedgpeth* (E.D.Cal. No. 1:07-cv-00767-AWI-DLB); *Watkins v. Harrington* (E.D.Cal. No. 1:10-cv-01834-SMS).

1

Following investigation, Petitioner's counsel filed a response conceding that no evidence supported Petitioner's claim that he had served his full sentence but had not been released. As a result, Petitioner does not intend to amend or supplement the petition. Because no factual basis supports Petitioner's claim, the undersigned recommends that the Court dismiss the petition for failure to state a claim.

## **Court Should Decline to Issue a Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

## **Conclusion and Recommendation**

Because the claim alleged in the petition for writ of habeas corpus lacks factual support, the undersigned recommends that the Court dismiss the petition with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 24, 2017**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE