|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | EASTERN DISTRICT OF CALIFORNIA | |

| ERIC MARK WATKINS, | No. 1:16-cv-00749-AWI-SKO HC |
|---|---|
| Petitioner, | **ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD** |
| v. | |
| W.L. MUNIZ, Warden, and XAVIER BECERRA, | |
| Respondents. | **(Doc. 29)** |

On May 31, 2016, Petitioner Eric Mark Watkins, a state prisoner proceeding *pro se* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contended that he had completed the seven-year term to which he was sentenced in 2002. Respondent filed a motion to dismiss the petition on July 18, 2016, alleging that the petition was too vague and conclusory to state a cognizable claim. Petitioner responded with a motion for appointment of counsel, providing documentation of a developmental disability that limits his ability to read, write, and understand legal materials. After taking notice of Petitioner's many unsuccessful attempts to prosecute a habeas petition, on the Court appointed the Federal Defendant as counsel for Petitioner.

On April 23, 2017, Petitioner filed a response conceding that no evidence existed to support Petitioner's claim that he had completed his sentence but had not been released from prison. After reviewing the record and applicable law, the Magistrate Judge filed findings and recommendations in which she recommended that the Court dismiss the petition for failure to state a cognizable claim. Neither party objected to the findings and recommendations. The District Court adopted the findings and recommendations on June 28, 2017, and dismissed the

///

petition, denied a certificate of appealability, and ordered the Clerk of Court to close the case. Judgment was entered the same day.

On June 28, 2017, the Federal Defender moved to withdraw as Petitioner's attorney, declaring that she had advised Petitioner that she was unaware of a non-frivolous issue on which to raise an appeal, but that Petitioner was free to file an appeal on his own behalf if he chose. On July 5, 2017, the Magistrate Judge entered an order providing Petitioner with 21 days to oppose counsel's motion to withdraw. Petitioner filed no opposition.

A petitioner in habeas corpus proceedings has no absolute right to appointment of counsel. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, in this case, the Court appointed counsel in the interest of justice to ensure that if Petitioner had a cognizable claim for habeas relief but was unable to represent himself as a result of his disability, his claim was fully investigated and prosecuted by experienced counsel. *See* 18 U.S.C. § 3006(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases. After Petitioner's appointed counsel met with Petitioner and reviewed the factual background of his claim in light of applicable law, Petitioner moved to dismiss his claim as factually unsupported. The case having been dismissed and no basis for appeal being apparent, counsel has satisfied the terms of her appointment.

## **Conclusion and Order**

The terms of appointment having been satisfied and the above-captioned case having been dismissed and closed, the Federal Defender is hereby RELEASED from her appointment as counsel for Petitioner.

IT IS SO ORDERED.

Dated: **August 8, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

2